# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LINDA SANDERS,** | } |
| Plaintiff, | } |
| v. | } Case No.: 4:19-cv-00235-ACA |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** | } |
| Defendant. | } |

## MEMORANDUM OPINION

Plaintiff Linda Sanders appeals the Social Security Commissioner's denial of her claim for a period of disability and disability insurance benefits. (Doc. 1). Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

### I.  PROCEDURAL HISTORY

Ms. Sanders applied for a period of disability, disability insurance benefits, and supplemental security income on October 15, 2015. (R. 600-01, 669-85). Ms. Sanders' alleged disability onset date was October 15, 2015.[1] The Social

---

[1] Ms. Sanders' initial alleged onset date was April 1, 2011, which she later amended to May 12, 2012. (R. 669, 677). At the hearing, she requested another amendment to October 15, 2015. (R. 505).

Security Administration initially denied Ms. Sanders' application. (R. 572–601). Ms. Sanders appeared with her attorney at a hearing before an Administrative Law Judge ("ALJ") on June 22, 2017. (R. 501–42). The ALJ issued an unfavorable decision on February 6, 2018. (R. 18–34). The Appeals Council declined Ms. Sanders' request for review. (R. 1–7). The Appeals Council's denial of review makes the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C § 405(g).

## II.   STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel*, 631 F.3d at 1178). The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings."

*Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "'scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.'" *Henry*, 802 F.3d at 1267 (quoting *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986)). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991). The Commissioner is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. *See Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ's decision must be affirmed where it is supported by substantial evidence in the record as a whole. *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990); *Baker o/b/o Baker v. Sullivan,* 880 F.2d 319, 321 (11th Cir. 1989).

## III.   ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past

relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ found that Ms. Sanders had severe impairments consisting of diabetes and hypertension. (R. 23). But the ALJ found Ms. Sanders did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Subpart 404, Appendix 1. (R. 25).

After considering the evidence of record, the ALJ determined that Ms. Sanders had the residual functional capacity to perform a reduced range of light work. (R. 26). Relying on testimony from a vocational expert, the ALJ concluded that through her date last insured, there were jobs existing in significant numbers in the national economy that Ms. Sanders could perform. (R. 28–29). Accordingly, the ALJ determined that Ms. Sanders was not under a disability as defined by the Social Security Act. (R. 17).

**IV.   DISCUSSION**

Ms. Sanders argues that the court should reverse and remand the Commissioner's decision for six reasons: (1) the ALJ failed to develop the record; (2) the ALJ failed to accord proper weight to Ms. Sanders' treating physician; (3) the ALJ improperly rejected the opinions of experts provided by the Commissioner; (4) Ms. Sanders meets Grid Rules 202.4; (5) the Appeals Counsel failed to show in

its written denial that it adequately evaluated the new evidence; and (6) the denial of benefits was not based on substantial evidence. (Doc. 11 at 1–2). The court addresses each issue in turn.

### A. *Whether the ALJ Failed to Adequately Develop the Record*

Ms. Sanders's first contention is that the ALJ failed to develop the record because "[n]ew counsel submitted treatment records from several providers which the ALJ failed to obtain." (Doc. 11 at 18). Because Ms. Sanders references only one set of medical records in her brief, the court will discuss only those records when determining whether the ALJ failed to adequately develop the record.

The ALJ has a basic duty to develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). However, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F. 3d 1272, 1276 (11th Cir. 2003). In fact, Ms. Sanders's attorney acknowledged that duty in a letter to the ALJ two weeks before her hearing. (R. 723).

In Ms. Sanders's letter, counsel represented to the ALJ that the only outstanding medical records needed to evaluate her claim were records from Stringfellow Memorial Hospital.[2] Ms. Sanders highlighted her previous attempts to

---

[2] Although not clear from the record, it appears that Stringfellow Memorial is now Northeast Alabama Regional Medical Center.

obtain those records from the hospital and requested the opportunity to discuss those records at the hearing even if they were not yet part of the record. (*Id.*). However, the transcript of the oral hearing establishes that Ms. Sanders elected not to address the missing records, or their relevance, at the hearing. (R. 501-542).

Ms. Sanders now contends that the ALJ had an independent obligation to obtain these records prior to making a disability determination. Ms. Sanders's brief does not support this contention. In fact, Ms. Sanders's brief does nothing more than summarize the medical evidence from Northeast Alabama Regional Medical Center and block quote two cases which she contends are "on point." (Doc. 11 at 18 (*citing Cowart v. Schweiker*, 662 F.2d 731, 734 (11th Cir. 1981), *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). There is no further analysis.

Ms. Sanders's "argument" fails. Ms. Sanders quotes *Brown* for the proposition that when an ALJ does not independently seek medical evidence to support the claimant's disability, the case must be remanded. (Doc. 11 at 18). But *Brown* is distinguishable from this case; in *Brown,* the claimant was unrepresented. It is well settled that an ALJ has a heightened duty to develop the record in cases with an unrepresented claimant. *Cowart*, 662 F.2d at 735 (citation omitted). In those cases, the ALJ is required to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." But that heightened duty does not exist where, as here, the claimant is represented by counsel. Because the ALJ did not

6

have a duty to obtain Mr. Sanders's medical records, the court will not reverse the Commissioner's decision based on the ALJ's failure to obtain Ms. Sanders's records from Northeast Alabama Regional Medical Center.

> B.     *Whether the ALJ Failed to Accord Proper Weight to Ms. Sanders' Treating Physician*

Ms. Sanders next attempts to argue that the Commissioner's decision should be reversed because the ALJ erred by failing to accord proper weight to Ms. Sanders' treating physician, Dr. Ladipo. (Doc. 11 at 23). From the outset, it should be noted that Ms. Sanders did not develop this argument; this section of her brief offers no analysis or argument and merely block quotes Eleventh Circuit opinions addressing the general issue of the weight accorded to a treating physician's opinion. (Doc. 11 at 23–25). For that reason alone, the court should not consider the argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

But even if Ms. Sanders properly brought the issue before the court, the ALJ's decision is due to be affirmed. An ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks and citation omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41.

Here, Dr. Ladipo opined that Ms. Sanders "cannot keep a job as of now due to her chronic medical condition." (R. 767). Whether Ms. Sanders can keep a job is an issue reserved to the Commissioner and not entitled to any weight. 20 C.F.R. § 404.1527(d)(1). Therefore, it was appropriate for the ALJ to disregard that portion of Dr. Ladipo's opinion.

Dr. Ladipo also noted that Ms. Sanders was unable to "sit or stand for prolonged periods of time due to her back pain." (*Id.*). The ALJ gave this opinion partial weight because it was vague. (R. 28). The ALJ's decision to give partial weight to Dr. Ladipo's opinion is appropriate for two reasons. First, given the medical evidence as a whole, and the language of the opinion itself, it is whether Dr. Ladipo was observing a temporary condition. *Id.* ("she walked in with a cane, . . . and cannot stand or sit for prolonged periods of time"); *see also* Doc. 14 at 9 –10

(citing Dr. Ladipo's numerous records reflecting a normal gait, motor strength, and intact sensory responses). Second, Dr. Ladipo's opinion does not establish a limitation insofar as it fails to articulate the amount of time Ms. Sanders can sit or stand. Moreover, the court notes that even if Dr. Ladipo's opinion was entitled to more weight, this issue does not present grounds for remand because the ALJ's decision contemplates an RFC that allows Ms. Sanders to sit or stand at will. (R. 26, 28).

Because good cause existed for discounting Dr. Ladipo's opinion, substantial evidence supports the ALJ's decision to give the opinion partial weight. *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("We will not second guess the ALJ about the weight assigned the treating physician's opinion deserves so long as he articulates a special justification for it."); *Crawford*, 363 F.3d at 1159-61 (finding that substantial evidence supported the ALJ's decision to discredit the opinions of the claimant's treating physicians where those physicians' opinions regarding the claimant's disability were inconsistent with the physicians' treatment notes and unsupported by the medical evidence).

### C. Whether the ALJ Improperly Evaluated and Weighed the Other Medical Source Opinions of Record

The third issue raised by Ms. Sanders is that the ALJ improperly gave little weight to the opinion of Dr. Morton Rickless, the Commissioner's consultative

examiner. (Doc. 11 at 25). The opinion of a one-time examiner like Dr. Rickless is not entitled to deference. *Crawford*, 363 F.3d at 1160 (the opinion of a one-time examining physician is "not entitled to great weight") (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)). In addition, "[t]he ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion." *McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)).

Dr. Rickless examined Ms. Sanders and completed a physical capacities form on December 21, 2015. (R. 1049 – 1056). Dr. Rickless opined that Ms. Sanders can sit, but has problems with standing and walking. (R. 1056). He also opined that lifting and carrying "is a problem" and she cannot handle objects. (*Id.*). Finally, Dr. Rickless opined that Ms. Sanders could not travel by herself. (*Id.*).

The ALJ assigned little weight to Dr. Warren's opinions for multiple reasons. (R. 30). The ALJ stated:

> The undersigned affords this opinion little weight due to numerous inconsistencies and reliance on subjective complaints without medical evidence to sufficiently support such complaints. A complete inability to handle is inconsistent with the claimant's ability to prepare microwave meals and use her cane. (B12E). Further, upon exam, the CE determined that the claimant's dexterity and grip strength was "normal." Additionally, "problems" with walking, standing, lifting, and carrying is vague and does not specify with what weights or for what lengths of time the claimant is able to perform these activities. The opinion is also inconsistent with a contemporaneous physical examination that was largely unremarkable aside from the claimant's statements she cannot do things. (B6F). In fact, even the CE noted that

> pelvic xrays were normal, and that generally, there was a lack of positive objective findings."

(R. 28).

Ms. Sanders does not challenge the ALJ's stated reasons for assigning less weight to Dr. Rickless's opinion, and contrary to her suggestion (*see* Doc. 11 at 25 – 29), the ALJ clearly articulated reasons for rejecting Dr. Warren's opinion (*see* R. 28).

Ms. Sanders appears to argue that in discounting Dr. Rickless's opinion, the ALJ substituted her own opinion for that of Dr. Rickless. (*See* Doc. 11 at 25 – 27). Ms. Sanders is correct that an ALJ may not substitute her own opinion of a claimant's condition for that of a medical expert. *See Freeman v. Schweiker,* 681 F.2d 727, 731-32 (11th Cir. 1982). Ms. Sanders cites a number of cases that stand for this general proposition but advances no specific argument regarding how the ALJ did so in this case. (Doc. 10 at 34-35). Moreover, although an ALJ "may not make medical findings herself," the ALJ's responsibility is "to resolve conflicting medical opinions." *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (finding that "the ALJ did not usurp the role of a physician" by weighing the credibility of a medical expert's opinion "in light of other record evidence"); *see Snow v. Colvin*, 8 F. Supp. 3d 1345, 1353 (N.D. Ala. 2014) ("[W]ere courts to find that ALJs impermissibly substitute their own opinions for those of medical experts any time ALJs reject the opinions of those medical experts, the ALJ's role in Social Security proceedings would be essentially meaningless.") (citing *Miles v. Chater*, 84

11

F.3d 1397, 1401 (11th Cir. 1996)). Accordingly, the court finds that in assigning less weight to Dr. Rickless's opinion, the ALJ did not impermissibly substitute her opinion for that of a medical examiner.

### D. *Whether Ms. Sanders Meets Grid Rules 202.4*

Ms. Sanders next states that she was 55 years of age at the time of the decision and is thus eligible for benefits under Grid Rules 202.04. (R. 29). Aside from the fact that she is mathematically wrong, her "argument" consists of one declaratory sentence. This sort of perfunctory argument gives neither the Commissioner nor the court any guidance about Ms. Sanders's argument aside from the fact that she asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). For this reason, the court will not consider whether Ms. Sanders meets Grid Rules 202.4.

### E. *New Evidence Before the Appeals Council*

"'With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process,' including before the Appeals Council."

*Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). The Appeals Council must review evidence that is new, material, and chronologically relevant. *Ingram*, 496 F.3d at 1261. The court reviews *de novo* whether supplemental evidence is new, material, and chronologically relevant. *Washington*, 806 F.3d at 1321.

### *1.      Evidence that Pre-Dates the ALJ's Decision*

After the ALJ issued her decision, Ms. Sanders submitted to the Appeals Council additional evidence that pre-dates the ALJ's decision. This evidence includes: (1) medical records from LHM Clinic, PC dated April 26, 2014 to October 26, 2017; (2) medical records from Regional Medical Center dated September 11, 2015 to May 20, 2017; (3) medical records from Prime Health Services dated May 24, 2017 to January 12, 2018. (R. 2).

The Appeals Council "did not exhibit" this evidence because it found the "evidence does not show a reasonable probability that it would change the outcome of the decision." (R. 2). Ms. Sanders's sole challenge regarding the Appeals Council's treatment of this evidence is that the Appeals Council did not "show in its written denial that it ha[d] adequately evaluated the new evidence." (Doc. 15 at 26, citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). According to Ms. Sanders, the Appeal Council's review of her additional pre-decision evidence was

"purely conclusory" and "epitomizes 'perfunctory adherence' to the ALJ[']s decision." (Doc. 15 at 28). Ms. Sanders's argument is not persuasive.

Where the Appeals Council considers new evidence but declines a claimant's request for review, the Appeals Council is not required "to provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782-83 (11th Cir. 2014); *Parks ex rel D.P. v. Comm'r of Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015) ("The Appeals Council stated that it considered the new evidence that Parks submitted, and the Appeals Council added the evidence to the record. The Appeals Council is not required to do more."). Accordingly, the court finds that the Appeals Council was not required to provide a detailed explanation for why the new evidence that Ms. Sanders submitted does not change the ALJ's decision.

### 2.   *Evidence that Post-Dates the ALJ's Decision*

Ms. Sanders also submitted to the Appeals Council new evidence that post-dates the ALJ's decision. This evidence includes: (1) medical records from LHM Clinic, PC dated March 7, 2018 to March 14, 2018; (2) medical records from Regional Medical Center dated March 15, 2018 to March 14, 2018; (3) medical records from Prime Health Services dated February 9, 2018 to June 14, 2018; and (4) a letter from Adetokundo Ladipo dated May 24, 2018. (R. 2). The Appeals

14

Council did not consider this evidence because the Appeals Council held that the evidence was not chronologically relevant. (R. 2).

Ms. Sanders's brief fails to address whether the new evidence that post-dates the ALJ's decision is material and chronologically relevant. Therefore, the court finds that Ms. Sanders has abandoned any argument with respect to the Appeals Council's failure to consider this evidence. "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).

### F.     *Substantial Evidence Supports the Commissioner's Decision*

The section of Ms. Sanders's brief titled "The Denial is not Supported by Substantial Evidence when the Evidence Submitted to the Appeals Council is Considered" consists of one sentence and a block quote. (Doc. 11 at 34). It does absolutely nothing more than state that the district court has a duty to review new evidence submitted to the Appeals Council "to determine if the Appeals Council erred in denying review" and block quote *Ingram v. Commissioner*, 496 F.3d 1253, 1266-67 (11th Cir. 2007). (Doc. 11 at 34). Nor does Ms. Sanders's reply brief

remedy the deficiencies of her initial brief. (*See* Doc. 15 at 10). This sort of perfunctory argument gives neither the Commissioner nor the court any guidance about Ms. Sanders's argument aside from the fact that she asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Because Ms. Sanders's briefs do not present adequate argument on this issue, the court will not address it.

## V.   CONCLUSION

For the reasons explained above, the court concludes that the Commissioner's decision is supported by substantial evidence, and the Commissioner applied proper legal standards in reaching the determination. Therefore, the Court **AFFIRMS** the Commissioner's final decision. The Court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this June 2, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE